46 F.3d 1152
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Fred Duane TUGGLE, Petitioner-Appellant,
v.
Attorney General of the STATE of Oklahoma, Edward EVANS,
Warden, Respondent-Appellees.
 No. 94-7094.
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1995.
 
 ORDER AND JUDGMENT[1]
 Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Fred Duane Tuggle appeals from the magistrate judge's judgment denying his application for a writ of habeas corpus pursuant to 28 U.S.C. 2254.[2] We grant a certificate of probable cause to proceed on appeal in order to reach the merits.
 
 
 3
 This is petitioner's second federal habeas petition. The defendant by motion has sought dismissal under the rules governing petitions filed under 28 U.S.C. 2254. Rule 9(b) reads as follows:
 
 
 4
 Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.
 
 
 5
 The issues raised in this petition--that petitioner's plea of guilty to state murder charges in 1959 was coerced, and that the state failed to show petitioner voluntarily waived his Sixth Amendment rights in pleading guilty--were not raised in petitioner's earlier application for federal habeas corpus relief. Therefore, because defendant has pleaded abuse of the writ, petitioner must show cause for the omission and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if we refuse to consider these claims. McCleskey v. Zant, 111 U.S. 1454, 1470 (1991). Pro se litigants are held to the same standard, as to successive petitions, as litigants represented by counsel. Rodriguez v. Maynard, 948 F.2d 684, 687 (10th Cir.1991).
 
 
 6
 To show cause, petitioner must demonstrate that some objective and external factor prevented him from raising these claims earlier. McCleskey, 111 S.Ct. at 1470. We agree with the magistrate judge's determination that petitioner has not established cause and prejudice with any allegations that might excuse his failure to raise these claims initially. He merely asserts that he did not understand "the issue of coercion or silent record" until June 1993, when he read Boykin v. Alabama, 395 U.S. 238 (1969). This does not constitute cause.
 
 
 7
 Failing the cause and prejudice test, a habeas petitioner may nonetheless be heard on the merits by demonstrating that a fundamental miscarriage of justice will result from the failure to hear his claims. A petitioner may raise a belated federal constitutional claim if he makes a showing of actual innocence. Sawyer v. Whitley, 112 S.Ct. 2514, 2519 (1992). Our review of the record indicates that the magistrate judge correctly found that petitioner here has made no showing of innocence; indeed, he does not even appear to assert his innocence of the crimes to which he pleaded guilty.
 
 
 8
 In the alternative, the magistrate judge determined that petitioner's long delay in filing an application for habeas relief from his 1959 convictions prejudiced the state, and that he made "no showing that he could not have made this petition in a timely manner." 1 R. tab 10 at 2; see Rule 9(a) of the Rules Governing 2254 cases. We agree.
 
 
 9
 AFFIRMED.
 
 
 10
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The parties consented to waive their right to proceed before a judge of the United States District Court and consented to have United States Magistrate Judge James H. Payne conduct the proceedings in the case, pursuant to 28 U.S.C. 636(c). Although the consent form is ambiguous as to the defendant, the parties apparently further consented, in accordance with 28 U.S.C. 636(c)(3), to take any appeals in the case to the Tenth Circuit