**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 24, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED DUANE TUGGLE,

     Petitioner - Appellant,

v.

COUNTY OF CHEROKEE,
Tahlequah, Oklahoma; STATE OF
OKLAHOMA,

     Respondents - Appellees.

No. 05-6156
(D.C. No. 05-CV-77-T)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.[**]

     Fred Duane Tuggle, an Oklahoma state prisoner appearing pro se, filed a

Petition for Order Nunc Pro Tunc in the federal district court arguing the State

violated his plea agreement and held him beyond the time agreed. The district

court referred the case to the magistrate judge, who recommended the petition be

---

     [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

construed as a 28 U.S.C. § 2254 habeas petition. The magistrate judge further recommended the petition so construed be referred to this court as a successive petition. 28 U.S.C. §§ 1361, 2244(b)(3)(A). Mr. Tuggle strongly objected to having his petition reclassified, asserting that "the sole purpose of [his] . . . petition . . . [is] to correct the record" regarding the terms of his plea agreement. R. Doc. 9 at 1. In light of Mr. Tuggle's objections, the district court declined to construe his motion as a § 2254 petition and rejected the magistrate judge's recommendation. The court further concluded that it did not have the authority to alter or amend the state court judgment by way of a nunc pro tunc order, and thus denied Mr. Tuggle's motion. Exercising our jurisdiction under 28 U.S.C. § 1291 we affirm.

As we recently stated, the term "[nunc pro tunc] is merely descriptive of the inherent power of the court to make its records speak the truth." Sviridov v. Ashcroft, 358 F.3d 722, 731 (10th Cir. 2004); accord Eaton v. Weaver Mfg. Co., 582 F.2d 1250, 1254 (10th Cir. 1978); Cairns v. Richardson, 457 F.2d 1145, 1149 (10th Cir. 1972). Such power does not include the authority to change, modify or alter the judgment; rather, it simply allows the "court of record . . . to correct the record of a judgment theretofore rendered by it, in order that such record shall truly reflect the judgment actually rendered." Eaton, 582 F.2d at 1254 n.6 (emphasis added). We have found no authority permitting a court to correct, by

way of a nunc pro tunc order, a judgment of another court.  As such, we agree that the district court lacked authority to "alter by the entry of an order nunc pro tunc or otherwise, [the state court judgment]."  R. Doc. 10 at 1-2.

Mr. Tuggle's petition to proceed on appeal without prepayment of fees under 28 U.S.C. § 1915 is GRANTED, and we remind him that he is obligated to continue making partial payments until the entire fee is paid.

AFFIRMED.


Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge