**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 7, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRED D. TUGGLE,

        Petitioner-Appellant,

v.

MIKE ADDISON,

        Respondent-Appellee.

No. 07-7020

(E.D. Oklahoma)

(D.C. No. 06-CV-78-RAW-KEW)

**ORDER**

Before **HENRY**, **TYMKOVICH,** and **HOLMES**, Circuit Judges.

Fred D. Tuggle seeks a certificate of appealability ("COA") to appeal the district court's order denying his "Petition for Post Conviction Appeal" as time-barred. See Rec. doc. 1, at 1. For the reasons set forth below, we deny Mr. Tuggle's application and dismiss this matter.

I. BACKGROUND

On December 9, 1959, an Oklahoma state trial court sentenced Mr. Tuggle to life imprisonment after he pleaded guilty to two counts of first-degree murder. Mr. Tuggle did not file a direct appeal of his convictions and sentence. However, prior to the instant case, Mr. Tuggle brought at least three post-conviction actions: (1) a 28 U.S.C. § 2254 petition (which was apparently a second habeas

petition filed under § 2254), in which he alleged that his plea was coerced and that the state had failed to show that he had voluntarily waived his Sixth Amendment rights when he pleaded guilty; (2) a 28 U.S.C. § 2241 action, in which he alleged that the state did not possess the original or certified judgments and sentences, in violation of Oklahoma law; and (3) a "Petition for Order Nunc Pro Tunc," in which he argued that the state had violated the plea agreement by holding him beyond the time agreed. In each of these actions, the district court denied relief. In the first and third actions, this court affirmed the denial of relief, and, in the second action, we denied Mr. Tuggle's application for a COA. See Tuggle v. Evans, No. 94-7094, 1995 WL 3979 (10th Cir. Jan. 4, 1995); Tuggle v. Hines, No. 03-6354 (10th Cir. Aug. 17, 2004) (unpublished order); Tuggle v. County of Cherokee, 147 F. App'x 52 (10th Cir. 2005).

On February 23, 2006, Mr. Tuggle filed the action at issue here, a "Petition for Post-Conviction Appeal," in which he alleged that: (1) the prosecution had agreed that, in exchange for a guilty plea to the first-degree murder charges, Mr. Tuggle would serve a sentence of no more than seven years' imprisonment and that the state breached that agreement by failing to release him once that period had elapsed; and (2) the state did not provide him with a hearing prior to the revocation of his parole on March 31, 1989.

The district court dismissed Mr. Tuggle's action as untimely. The court reasoned that Mr. Tuggle had until April 24, 1997 (one year after the effective

date of the Anti-Terrorism and Effective Death Penalty Act) to file these claims in federal court. See 28 U.S.C. § 2244(d)(1) (stating that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court"); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998) (stating that "for prisoners whose convictions became final before April 24, 1996, the one-year statute of limitation does not begin to run until April 24, 1996"); see also Burger v. Scott, 317 F.3d 1133, 1137 (10th Cir. 2003) (stating that "applications for writs of habeas corpus challenging the execution of a state sentence under § 2241 are subject to [the] one-year period of limitations [established by § 2244(d)]"). Here, Mr. Tuggle did not file his "Petition for Post-Conviction Appeal" until February 23, 2006, more than eight years after the statute of limitations expired.

## II. DISCUSSION

In order to obtain a COA, Mr. Tuggle must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (holding that a COA is required to appeal the denial of a state prisoner's § 2241 application). Mr. Tuggle may make this showing by demonstrating that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal

quotation marks omitted).  "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail."  Id. at 338.

In determining whether Mr. Tuggle is entitled to a COA we must first determine whether his two claims are asserted under 28 U.S.C. § 2241 or 28 U.S.C. § 2254.  See Montez v. McKinna, 208 F.3d 862, 865 (10th Cir. 2000) (stating that a § 2254 petition "challenge[s] . . . the validity of [a] conviction and sentence" while a § 2241 petition "attack[s] . . . the execution of [a] sentence").[1] That characterization is significant here because Mr. Tuggle has previously filed at least one 28 U.S.C. § 2254 petition, see Tuggle, 1995 WL 3979 at *1, and a district court does not have jurisdiction to address the merits of a second or successive § 2254 petition until this court has granted the required authorization under 28 U.S.C. § 2244(b)(3)(A).  See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

---

[1] We note that our characterization of § 2241 in Montez has been criticized by other circuits and is a minority view. See White v. Lambert, 370 F.3d 1002, 1005 n.1, 1009 (9th Cir. 2004) (observing that "the Tenth Circuit appears to implicitly draw a distinction between habeas petitions that attack the underlying state court judgment, which the court felt would be appropriate under § 2254, and habeas petitions which do not challenge the underlying state court judgment but rather attack the execution of a sentence, which the court determined fit better under § 2241," disagreeing with this view, and discussing decisions of other circuits that also have rejected the Tenth Circuit's view).  We need not address that issue here, but we note that the characterization of Mr. Tuggle's action as a § 2241 or § 2254 petition does not affect the statute of limitations question.

authorizing the district court to consider the application."); Pease v. Klinger, 115 F.3d 763, 764 (10th Cir. 1997) ("The district court had no jurisdiction to decide [the petitioner's] successive § 2254 petition without authority from the court of appeals.").

In contrast, "[t]his court has not yet addressed [in a published decision] . . . whether a similar appellate-court pre-authorization requirement applies before a prisoner may file a second or successive writ of habeas corpus under § 2241." Ackerman v. Novak, 483 F.3d 647, 650 (10th Cir. 2007). We have stated in several unpublished decisions that "prior authorization from a court of appeals is not necessary to file a successive § 2241 petition." See, e.g., White v. McKinna, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006) (collecting cases).

Here, we conclude that both of Mr. Tuggle's claims challenge the execution of his sentence. In particular, in his first claim, Mr. Tuggle does not challenge the sentence imposed by the court in 1959. Instead, he asserts that the sentence imposed (a life sentence that would allegedly result in only seven years' incarceration because of the prosecutor's alleged agreement) was not actually carried out. In his second claim, he challenges the revocation of parole. Both claims are appropriately raised in a 28 U.S.C. § 2241 action. See Davis v. Roberts, 425 F.3d 830, 833 (10th Cir. 2005) (stating that "[§ 2241] is the provision that would ordinarily apply to [a] challenge to the failure to convert [a] sentence to a lesser term after enactment of [a state statute]); United States v.

-5-

Furman, 112 F.3d 435, 438 (10th Cir. 1997) (concluding that questions of parole procedure "go to the execution of sentence and, thus, should be brought against defendant's custodian under 28 U.S.C. § 2241").  Thus, the district court had jurisdiction to rule on Mr. Tuggle's motion.

Moreover, we agree with the district court's ruling.  Mr. Tuggle's "Petition for Post-Conviction Appeal" was filed well beyond the one-year statute of limitations established by 28 U.S.C. § 2244.  Additionally, Mr. Tuggle has failed to establish that equitable tolling of the limitations period is warranted.  See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) (stating that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

## III.  CONCLUSION

Accordingly, we DENY Mr. Tuggle's application for a COA and DISMISS this matter.

Entered for the Court,

ELISABETH A. SHUMAKER, Clerk