FILED
United States Court of Appeals
Tenth Circuit

August 4, 2009

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

FRANK M. MUÑIZ,

        Petitioner–Appellant,

v.

MIKE HEREDIA, Warden,

        Respondent–Appellee.

No. 09-2048
(D.C. No. 08-CV-00494-MV-LFG)
(D.N.M.)

ORDER DENYING
CERTIFICATE OF APPEALABILITY

Before **LUCERO**, **MURPHY**, and **McCONNELL**, Circuit Judges.

Frank M. Muñiz, a state prisoner proceeding pro se,[1] seeks a certificate of appealability ("COA") to appeal the denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus. We agree with the district court that Muñiz has not been subjected to double jeopardy and that his challenge to his sentencing enhancements does not sound in habeas. Accordingly, we deny a COA and dismiss the appeal.

---

    [1] Because Muñiz appears pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

Muñiz pled guilty in New Mexico state court in 2000 to one count of residential burglary and one count of aggravated assault with a deadly weapon. He received a three-year suspended sentence on the residential burglary count and ten and a half years' imprisonment for aggravated assault. Muñiz's aggravated assault conviction was enhanced pursuant to state law for use of a firearm and because he was a habitual offender.

In May 2008, Muñiz filed the present § 2241 petition for a writ of habeas corpus in the United States District Court for the District of New Mexico, raising two issues. He first claimed that because his good time credits were improperly allocated to his suspended sentence, New Mexico had violated the Double Jeopardy Clause of the Fifth Amendment by making him serve a sentence longer than the one actually imposed. Second, Muñiz asserted that his aggravated assault sentence was improperly enhanced based on an error of state law.[2] A magistrate judge recommended that the petition be denied. As to Muñiz's first contention, the magistrate judge found there was a clerical error indicating that good time credits were accruing to the suspended sentence rather than the sentence of incarceration. Relying on an affidavit from a New Mexico

---

[2] Before the district court, Muñiz alleged that this enhancement violated the Fifth, Sixth, and Fourteenth Amendments, though he provided little elaboration. Despite these citations, the substance of his argument contests solely errors of state law. Before this court, he does not anchor his sentencing enhancement argument to a specific provision of the Constitution.

Corrections Department employee attesting that this error had been corrected and did not affect the duration of Muñiz's sentence, the magistrate judge concluded that relief was not warranted. Regarding Muñiz's second assertion, the magistrate judge found that Muñiz's argument rested on an incorrect interpretation of state law. The district court adopted the magistrate judge's recommendation and denied the petition. Muñiz now seeks a COA from this court on the same two issues he raised below.

Because Muñiz is in state custody and did not obtain a COA from the district court, he may not appeal the district court's decision absent a grant of a COA by this court. Montez v. McKinna, 208 F.3d 862, 868-69 (10th Cir. 2000); see § 2253(c)(1)(A). To obtain a COA, Muñiz must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This requires Muñiz to demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted). Because Muñiz does not challenge the validity of his conviction or sentence but rather its execution, his claim is properly brought under § 2241. See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997).

As to Muñiz's first issue, the record indicates that although his good time credits may have been improperly allocated to his suspended sentence for a period

of time due to a clerical error, the mistake has been corrected and does not affect the duration of his sentence or his anticipated release date. Thus, he is not being twice subjected to punishment for the same offense. Reasonable jurists could not debate whether Muñiz's first contention should have been resolved differently.

Second, Muñiz's challenge to his sentencing enhancement does not sound in habeas. Before this court, Muñiz relies exclusively on state law; he does not allege a constitutional violation or other violation of federal law. See Rael v. Williams, 223 F.3d 1153, 1154 (10th Cir. 2000) (errors of state law alone are not cognizable in habeas). Accordingly, reasonable jurists could not debate whether the petition should have been resolved differently on this ground.

For the reasons stated, we **DENY** the application for a COA and **DISMISS** the appeal.

Entered for the Court


Carlos F. Lucero
Circuit Judge

-4-