FILED
United States Court of Appeals
Tenth Circuit

May 17, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK MUÑIZ,

        Petitioner - Appellant,

v.

MIKE HEREDIA, Warden,

        Respondent - Appellee.

No. 09-2292
(D.C. No. 08-CV-00494-MV-LFG)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Frank Muñiz, a state inmate appearing pro se, seeks a

certificate of appealability ("COA") allowing him to appeal the district court's

denial of his Rule 60(b) motion asking the court to re-open his 28 U.S.C. § 2241

petition for writ of habeas corpus and hold an evidentiary hearing. Because we

conclude that Mr. Muñiz has failed to make "a substantial showing of the denial

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

of a constitutional right," we deny his request for a COA, and dismiss the appeal. 28 U.S.C. § 2253(c)(2).

We have substantially recounted the facts in this case in a prior opinion. Muñiz v. Heredia, 340 F. App'x 457 (10th Cir. 2009). Briefly, Mr. Muñiz pled guilty in state court to one count of residential burglary and one count of aggravated assault with a deadly weapon. Id. at 458. He received a suspended sentence for the residential burglary and ten and a half years' imprisonment for the aggravated assault. Id. In May 2008, Mr. Muñiz filed a § 2241 petition alleging (1) constitutional double jeopardy because his good-time credits were being improperly allocated to his suspended sentence, and (2) improper enhancement of his sentence for aggravated assault based on a state law error. Id. The district court denied the petition. Id. We denied a COA, indicating that he was not being twice subjected to punishment for the same offense. Id. at 459. Although the record indicated that a clerical error may have caused his good-time credits to be improperly allocated for a period of time, the mistake was corrected and did not affect the length of his sentence or his anticipated release date. Id. We also held that a state law-based sentencing enhancement could not be a basis for habeas relief. Id.

After the denial of his petition for rehearing en banc, R. 330, Mr. Muñiz filed a Rule 60(b)(6) motion, arguing that "new developments" warranted re-opening his case to hold an evidentiary hearing. R. 321-25. Specifically, he

argues that he spoke to a records manager at his prison on September 23, 2009, and learned that his prison file "is a mess." R. 323-24. This "new development," he claims, entitles him to an evidentiary hearing regarding his good-time credits. R. 322, 324; Application for COA 2. The district court construed his motion as one under both the "newly discovered evidence" and "any other reason that justifies relief" provisions of Rule 60(b) and denied relief. R. 333-35; Fed. R. Civ. P. 60(b)(2) & (b)(6).

Before addressing the merits of Mr. Muñiz's motion, we must determine whether it counts as a true 60(b) motion or should instead be characterized as an application to file a successive habeas petition, which would require authorization from this court to proceed. See 28 U.S.C. § 2244(b). The district court correctly noted that we have "stated in several unpublished decisions that 'prior authorization from a court of appeals is not necessary to file a successive § 2241 petition,'" when a federal prisoner challenges the execution of his sentence, rather than his conviction or his sentence as imposed. Tuggle v. Addison, 247 F. App'x 155, 157 (10th Cir. 2007) (quoting White v. McKinna, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006)); see also McCarthy v. Warden USP Florence, 338 F. App'x 739, 741-42 (10th Cir. 2009) ("[C]ases from other circuits generally point to the lack of a gatekeeping requirement for successive § 2241 appeals.").

We do not think that the district court's resolution of Mr. Muñiz's claim is

reasonably debatable.  Rule 60(b) relief is extraordinary and granted only in exceptional circumstances, and review would be for an abuse of discretion. Beugler v. Burlington N. & Santa Fe Ry. Co., 490 F.3d 1224, 1229 (10th Cir. 2007).  Reversal would be indicated only in the "complete absence of a reasonable basis and . . . certain[ty] that the decision is wrong."  Zurich N. Am. v. Matrix Serv., Inc., 426 F.3d 1281, 1293 (10th Cir. 2005)  (citation and quotations omitted).

We have previously determined that Mr. Muñiz's arguments regarding his good-time credits do not raise a constitutional double jeopardy claim.  Muñiz, 340 F. App'x at 459.  Nor do his state law-based sentence enhancements raise a constitutional claim.  Id.  Because he has not raised a constitutional claim, even if there is new evidence that his prison file is inaccurate, this claim cannot be remedied through a federal habeas action.

A state prisoner may appeal from the denial of federal habeas relief, including, as here, a habeas-related Rule 60(b) motion, only if the district court or this court first issues a COA.  28 U.S.C. § 2253(c)(1)(A); see Montez v. McKinna, 208 F.3d 862, 867 (10th Cir. 2000) (holding that "a state prisoner must obtain a COA to appeal the denial of a habeas petition, whether such petition was filed pursuant to § 2254 or § 2241").  A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  In order to make that showing, a prisoner must demonstrate "that

reasonable jurists could debate whether . . . the petition [or related Rule 60(b) motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because there are no grounds on which to issue a COA, we conclude that Mr. Muñiz has failed to make "a substantial showing of the denial of a constitutional right," and the district court's result is not reasonably debatable based on our precedent. See 28 U.S.C. § 2253(c)(2); Slack, 529 U.S. at 484.

We DENY the request for a COA and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge