FILED
United States Court of Appeals
Tenth Circuit

April 17, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CHESTER L. BIRD,

      Petitioner - Appellant,

v.

MICHAEL PACHECO, Warden,
Wyoming State Penitentiary, Wyoming
Department of Corrections; WYOMING
ATTORNEY GENERAL,

      Respondents - Appellees.

No. 20-8007
(D.C. No. 2:17-CV-00053-ABJ)
(D. Wyo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY** [*]
_____

Before **LUCERO**, **BACHARACH**, and **MORITZ**, Circuit Judges.
_____

Chester Bird, a Wyoming prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to appeal the district court's order denying his motion seeking

relief from the district court's judgment denying his 28 U.S.C. § 2241 petition. For

the reasons explained below, we deny his request and dismiss this matter.

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. But it may be cited for its persuasive value.
_See_ Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Bird's pro se filings. But we neither act as his advocate
nor excuse his failure to follow procedural rules. _See Yang v. Archuleta_, 525 F.3d
925, 927 n.1 (10th Cir. 2008).

In 2016, a prison official determined that Bird disseminated pornographic material in violation of prison policy. After a disciplinary proceeding, another official "sanctioned [Bird] with [60] days in disciplinary segregation." R. vol. 1, 143. Bird challenged this punishment by filing a § 2241 petition in federal district court. The district court denied his petition by granting summary judgment to Wyoming prison officials in January 2018, finding that the prison disciplinary proceeding did not violate Bird's constitutional due-process rights. A panel of this court denied Bird's request for a COA. *See Bird v. Pacheco*, 729 F. App'x 627, 631 (10th Cir. 2018) (unpublished).

In April 2018, Bird asked the district court to grant him relief from its judgment denying his § 2241 petition, arguing that disputed factual issues precluded entry of summary judgment against him. *See* Fed. R. Civ. P. 60(b). The district court denied the motion, finding that his arguments were "no different than those he previously raised," that he "failed to identify any 'extraordinary circumstances' [that] would justify" granting the motion, and that the Tenth Circuit had rejected his constitutional argument when it rejected his request for a COA. R. vol. 2, 43–44 (quoting *Buck v. Davis*, 137 S. Ct. 759, 772 (2017)).

In December 2019, Bird filed another Rule 60(b) motion, arguing for the first time that the failure of the Wyoming Department of Corrections (the Department) to file its disciplinary procedures with the Wyoming Secretary of State violated his due-process rights. *See* Fed. R. Civ. P. 60(b)(6); Wyo. Stat. Ann. § 25-1-105(a) ("The [D]epartment's rules shall be filed in the office of the [S]ecretary of [S]tate."). The

2

district court denied his motion, finding that the Department's inmate-disciplinary procedures were not rules "as that term is defined in the Wyoming Administrative Procedure Act (WAPA)" because the procedures "do not implement, interpret[,] and prescribe law . . . [and] do not affect 'private rights or procedures available to the public.'" R. vol. 3, 25 (quoting Wyo. Stat. Ann. § 16-3-101(ix)(A)). Accordingly, it concluded that Bird's state-law argument fell "far short of demonstrating the 'extraordinary circumstances' required by Rule 60(b)(6)." *Id.* at 26 (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)). The district court also denied Bird's request for a COA.

Bird now asks us to issue a COA so he can appeal the district court's order.[2] *See* 28 U.S.C. § 2253(c)(1)(A); *Spitznas*, 464 F.3d at 1217–18 (requiring COA to appeal denial of true Rule 60(b) motion); *Montez v. McKinna*, 208 F.3d 862, 869 (10th Cir. 2000) (applying § 2253(c)(1)(A)'s COA requirement to § 2241 petitions). The district court's ruling on Bird's Rule 60(b)(6) motion did not reach the merits of

---

[2] When confronted with a request for a COA from the denial of a Rule 60(b) motion, we typically must first determine whether the motion is a true Rule 60(b) motion or whether the motion is a mislabeled second or successive habeas petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1216–17 (10th Cir. 2006). We must do so because if the motion is a mislabeled second or successive petition, then the district court lacked jurisdiction to consider the motion without prior circuit authorization. *See id.* at 1218. But the requirement for such authorization "does not apply to habeas petitions brought under § 2241." *Stanko v. Davis*, 617 F.3d 1262, 1269 n.5 (10th Cir. 2010). Accordingly, for purposes of this case, we assume without deciding that Bird's motion is a true Rule 60(b) motion. *See Muñiz v. Heredia*, 378 F. App'x 794, 796 (10th Cir. 2010) (unpublished) (declining to determine whether § 2241 petitioner's Rule 60(b) motion was true Rule 60(b) motion because petitioner did not need circuit authorization to proceed).

3

Bird's constitutional claims: it only addressed Bird's state-law argument about the meaning of § 25-1-105(a) and then concluded that this argument did not present any extraordinary circumstances. And when, like here, a district court does not reach the merits of a petitioner's constitutional claims, we may grant a COA only if reasonable jurists could debate both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If the answer to either inquiry "is more apparent from the record" than the answer to the other, we may resolve the appeal on that ground. *Id.* at 485.

We begin, and end, by considering whether reasonable jurists could debate "whether the district court was correct in its procedural ruling"—that is, whether the district court was correct in finding that Bird's argument did not meet Rule 60(b)(6)'s standard. *Id.* at 484. A district court may grant a Rule 60(b)(6) motion only in "'extraordinary circumstances,' which, the Supreme Court has indicated[,] 'will rarely occur in the habeas context.'" *Omar-Muhammad v. Williams*, 484 F.3d 1262, 1264 (10th Cir. 2007) (quoting *Gonzalez*, 545 U.S. at 535). And to prevail in an appeal, Bird must show that the district court abused its discretion in finding no extraordinary circumstances here. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). We may determine that the district court did so "only if we find a complete absence of a reasonable basis and are certain that the decision is wrong." *Davis v. Kan. Dep't of Corr.*, 507 F.3d 1246, 1248 (10th Cir. 2007) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir.2005)).

4

Here, Bird argues that the district court wrongly relied on the WAPA to determine the meaning of the word "rules" in § 25-1-105(a) because "[t]he promulgation of substantive rules by the [D]epartment, the conduct of its hearings[,] and its final decisions are specifically exempt from all provisions of the [WAPA]." § 25-1-105(a). But even if we agreed with Bird, Rule 60(b) motions "are inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments[] or supporting facts [that] were available at the time of the original motion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Here, Bird previously raised a due-process issue in his § 2241 petition, which cited § 25-1-105(a) and attached the disciplinary procedures, and the district court rejected his constitutional claims. And Bird never made the state-law argument he makes now at any point before this Rule 60(b)(6) motion. Moreover, Bird does not argue that § 25-1-105(a) or some relevant fact changed in any way between the entry of judgment on his § 2241 petition and the filing of his second Rule 60(b) motion. *Cf. Omar-Muhammad*, 484 F.3d at 1264–65 (addressing, but ultimately rejecting, argument that law changed between judgment and Rule 60(b) motion). Put simply, he has not demonstrated that reasonable jurists could debate whether the district court abused its discretion in finding Bird failed to show the extraordinary circumstances required for relief under Rule 60(b)(6).

Accordingly, reasonable jurists could not debate that "whether the district

5

court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (2000). We

therefore deny Bird's request for a COA and dismiss this matter.



                                   Entered for the Court


                                   Nancy L. Moritz
                                   Circuit Judge

6