FILED
United States Court of Appeals
Tenth Circuit

**February 6, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARK-RICHARD; PATRICK,

Defendant-Appellant.

No. 07-4024
(D.C. Nos. 2:06-CV-1059-JTG and
2:04-CR-00450-JTG)
(D. Utah)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **HENRY**, Chief Judge, **TYMKOVICH** and **HOLMES**, Circuit Judges.

Petitioner-Appellant Mark-Richard; Patrick, a federal prisoner acting pro se,

appeals from the district court's denial of his petition for habeas corpus as time-barred.

Mr. Patrick did not seek a certificate of appealability (COA) from the district court.

However, because a COA is a jurisdictional prerequisite to Mr. Patrick's appeal, *see* 28

U.S.C. § 2253(c)(1)(B), we must determine whether to grant a COA. Reviewing Mr.

---

[*] This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th CIR. R. 32.1. After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th CIR. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Patrick's filings liberally,[1] we hold that no reasonable jurist could conclude that the district court's dismissal on procedural grounds was incorrect. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, we decline to issue a COA and **DISMISS** his appeal.

## I. BACKGROUND

On September 28, 2004, Mr. Patrick pleaded guilty to one count of knowingly and intentionally attempting to coerce and entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The district court sentenced Mr. Patrick on February 22, 2005, and entered judgment on February 24, 2005. Mr. Patrick did not file a direct appeal.

On December 26, 2006, Mr. Patrick filed a pleading entitled "Petition for Writ of Habeas Corpus, Jus Legitimum, Jus Quaesitum," contending that because the Utah federal district court did not have subject matter jurisdiction, the criminal judgment against him was void. Construing Mr. Patrick's habeas petition as a motion brought under 28 U.S.C. § 2255, the district court entered an order denying relief.[2] The court

---

[1] Because Mr. Patrick is proceeding pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Howard v. U.S. Bureau of Prisons*, 487 F.3d 808, 815 (10th Cir. 2007).

[2] Two days before the district court entered this order, Mr. Patrick filed a pleading entitled "Petition to Sanction the Clerk of the Court for FRAUD, Pursuant to F.R.C.P. 9(b) and 11(c)" arguing that the court clerk improperly "converted" his habeas petition into a § 2255 motion. In this pleading, Mr. Patrick did not identify the legal basis under which he purported to bring his petition. In his appellate papers, however, Mr. Patrick contends that his petition should have been filed pursuant to 28 U.S.C. § 2241.

(continued...)

concluded that Mr. Patrick's habeas petition was barred by the one-year statute of

limitations.[3]

## II. DISCUSSION

### A. 28 U.S.C. § 2255 is the Exclusive Remedy for Testing

---

[2](...continued)
The district court apparently did not give Mr. Patrick notice of its intention to construe his pleading as a § 2255 motion or warn him of the possible consequences of a § 2255 classification, especially those relating to second or successive habeas actions. *Compare Ackerman v. Novak*, 483 F.3d 647, 650 (10th Cir. 2007) (declining to decide whether appellate court preauthorization requirement applies to second or successive § 2241 petitions) *with Tuggle v. Addison*, 247 Fed. App'x 155, 157 (10th Cir. 2007) (noting that "[w]e have stated in several unpublished decisions that 'prior authorization from a court of appeals is not necessary to file a successive § 2241 petition'" (quoting *White v. McKinna*, No. 06-1069, 2006 WL 1234867, at *1 (10th Cir. May 2, 2006))). Ordinarily, when a district court plans to recharacterize a pro se litigant's pleading as a § 2255 motion, notice and such warnings are required. *See Castro v. United States*, 540 U.S. 375, 382-83 (2003); *United States v. Martin*, 357 F.3d 1198, 1199 (10th Cir. 2004). However, as discussed further below, the district court's decision to recharacterize Mr. Patrick's pleading as a § 2255 motion was substantively correct. Therefore, Mr. Patrick's action was subject to a one-year limitations period. And, applying that period, the inescapable consequence is that Mr. Patrick's action is time-barred. Accordingly, any conceivable error by the district court in construing Mr. Patrick's pleading – without notice and warnings – as a § 2255 motion, would be harmless. *E.g.*, *Martin*, 357 F.3d at 1200 ("Notification of the recharacterization would not change the fact that the limitation period for filing a § 2255 motion had long since passed.").

[3]     The district court also addressed the merits concluding that the Utah federal court properly had jurisdiction over Mr. Patrick's criminal case. The government had charged Mr. Patrick with using a facility of interstate commerce (i.e., his computer) to commit the crime and Mr. Patrick had admitted this fact in entering his plea. Further, Mr. Patrick acknowledged as part of his plea that his chat room conversations traveled interstate, from Utah to Yahoo!'s server in California, and then back to Utah. Accordingly, the court concluded that the interstate jurisdictional element of Mr. Patrick's offense of conviction, 18 U.S.C. § 2422(b), was satisfied. Moreover, the district court noted that, pursuant to 18 U.S.C. § 3231, federal district courts have jurisdiction over offenses against the laws of the United States.

**the Validity of a Criminal Judgment**

On appeal, Mr. Patrick suggests that the district court erred in denying his habeas petition because it applied the 28 U.S.C. § 2255 one-year statute of limitations to his 28 U.S.C. § 2241 petition. We reject Mr. Patrick's argument.

The district court did not mischaracterize Mr. Patrick's habeas petition. A § 2241 petition attacks the execution of a sentence. *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). On the other hand, a § 2255 petition, "attacks the legality of detention." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Because he contends that he was convicted without jurisdiction, Mr. Patrick challenges the validity of his conviction. Such challenges must be brought pursuant to § 2255 unless a "remedy by [§ 2255] motion is inadequate or ineffective." 28 U.S.C. § 2255. Mr. Patrick does not argue that the remedy provided by § 2255 is inadequate or ineffective and no basis for such an argument is readily apparent from the record. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir. 1999) ("Courts have found a remedy under 28 U.S.C. § 2255 to be inadequate or ineffective only in extremely limited circumstances."). Accordingly, the district court did not err in characterizing Mr. Patrick's pleading as a § 2255 motion and applying a one-year limitations period to his action. And, as detailed below, the court's procedural conclusion followed ineluctably: Mr. Patrick's action is time-barred.

**B. Certificate of Appealability**

To obtain the jurisdictionally prerequisite COA, Mr. Patrick must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The

4

Supreme Court has clarified that where, as here, the district court denies a habeas petition on procedural grounds, a petitioner must show that reasonable jurists would find debatable both (1) whether the petition states a valid claim of the denial of a constitutional right, *and* (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further." *Id*. Mr. Patrick has not satisfied this burden.

We review the district court's factual findings for clear error and its legal conclusions de novo. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006), *cert. denied*, 127 S. Ct. 3007 (2007). The district court correctly found that Mr. Patrick's petition was barred. His sentence became final on March 10, 2005, when he failed to directly appeal the February 24, 2005 judgment. *See United States v. Burch*, 202 F.3d 1274, 1277 (10th Cir. 2000) ("To that end, read in the context of the AEDPA, § 2255's use of 'final' plainly means 'a decision from which no appeal or writ of error can be taken' . . . ." (quoting Black's Law Dictionary, 629 (6th ed. 1990))).[4] He did not file his habeas petition until over one year and nine months later, on December 26, 2006. Mr.

_____

[4] The district court erroneously found that Mr. Patrick's conviction became final on the date his criminal judgment was entered. R., Vol. I, Doc. 2, at 2 (Order, dated Jan. 11, 2005); s*ee Burch*, 202 F.3d at 1276 (acknowledging that there are several "possible meanings" of the statutory term "final" but rejecting, *inter alia*, idea that "the judgment of conviction could become final when it is entered by the district court"). However, Mr. Patrick's petition was not even close to being timely. Accordingly, the district court's error is of no consequence.

Patrick's petition – filed more than one year after the date his conviction became final – is therefore barred by the statute of limitations.

Accordingly, we decline to issue a COA and **DISMISS** Mr. Patrick's appeal.

Entered for the Court


Jerome A. Holmes
Circuit Judge