FILED
United States Court of Appeals
Tenth Circuit

January 5, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

MARTIN GALINDO,

     Defendant-Appellant.

No. 10-3267

(D.C. Nos. 10-CV-01171-WEB and
6:07-CR-10199-WEB-1)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE,** Chief Judge, **TACHA,** and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is, therefore, submitted without oral argument.

Petitioner Martin Galindo appeals the district court's denial of his § 2255 petition for a writ of habeas corpus in which he alleged ineffective assistance of counsel. The district court denied Galindo's petition because the statute of limitations had expired. We affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

In November 2007, the Wichita Police Department obtained a warrant to search the property located at 1615 South Parkwood Lane, where police suspected illegal drug activity was taking place. When police arrived at the home they took Martin Galindo, and another individual who was on the property, into custody. Upon searching the residence, police found methamphetamine, cocaine, ecstacy, digital scales, small plastic bags, ammunition, and three guns.

During the course of their investigation, police officers learned that Galindo's wife, Rosa, and her children resided in Wichita. After obtaining Rosa's address, the officers went to her home, spoke with her, and obtained permission to search the property. Shortly upon entering the home, the officers found methamphetamine and three handguns. The officers then stopped their search and obtained a search warrant. After securing the warrant, the officers continued searching the home and found additional bags of methamphetamine in addition to cocaine, ammunition, digital scales, small plastic bags, and two more handguns.

Galindo was subsequently indicted on numerous drug distribution and firearm charges. In March 2008, he pled guilty to possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841, and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). After the probation office completed the presentence report, Galindo filed a motion for a downward departure. The district court denied the motion on May 19, 2008, and on May 27, 2008, it entered final

judgment and sentenced Galindo to 168 months' imprisonment. Galindo did not appeal the district court's sentence.

On May 27, 2010, Galindo filed a § 2255 petition for a writ of habeas corpus alleging that he received ineffective assistance from his trial counsel. Specifically, Galindo claimed counsel was ineffective in (1) failing to file a notice of appeal; (2) failing to file a motion to suppress; (3) failing to provide a Spanish translator; and (4) filing a motion for a downward departure in violation of the plea agreement. The district court denied Galindo's petition, holding that his claim for ineffective assistance of counsel was barred by the one-year statute of limitations applicable to § 2255 claims. See 28 U.S.C. § 2255(f)[1]. After the district court granted Galindo's request for a certificate of appealability[2], Galindo timely appealed to this court.

## II

Galindo argues the district court erred (1) by not concluding that his attorney was ineffective for failing to file a notice of appeal at Galindo's request; and (2) by denying his request for an evidentiary hearing to address whether the doctrine of equitable tolling would apply to permit the late filing of his habeas petition.

We are not persuaded by Galindo's arguments because the statute of limitations

---

[1] 28 U.S.C. § 2255 states: "A 1-year period of limitation shall apply to a motion under this section." As is applicable here, the limitations period begins to run from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

[2] The district court initially denied Galindo's request for a certificate of appealability, but reversed its denial after Galindo filed a renewed motion for a certificate of appealability.

had clearly run when Galindo filed his habeas petition, thus rendering it unnecessary for the district court to reach the merits of his petition or to hold an evidentiary hearing regarding equitable tolling. After sentencing Galindo, the district court entered final judgment on May 27, 2008. Because Galindo did not appeal his sentence, his conviction became final ten days later[3]. Fed. R. App. P. 4(b)(1)(A). Therefore, Galindo's sentence became final on June 10, 2008, and the one-year statute of limitations applicable to his filing of a § 2255 petition expired on June 10, 2009. Galindo filed his § 2255 petition on May 27, 2010, almost a full year after the limitations period expired. Absent any tolling of the one-year limitations period, Galindo's habeas petition is clearly barred.

Galindo argues the district court should have granted his request for an evidentiary hearing to address whether the doctrine of equitable tolling would apply to permit the late filing of his habeas petition. Under the doctrine of equitable tolling, the statute of limitations is tolled when the plaintiff's "failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is only appropriate, however, when a plaintiff "diligently pursues his claims." Id.; see also Woodward v. Williams, 263 F.3d 1135, 1142-43 (10th Cir. 2001) (holding that "AEDPA's statute of limitations is subject to equitable tolling only when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control")

---

[3] The time to file an appeal is now 14 days, but at the time of Galindo's conviction, the time was 10 days. See Fed. R. App. P. 4.

4

(quotation and citation omitted).

Galindo argues the district court should have held a hearing regarding equitable tolling because (1) he did not have access to legal materials in Spanish or to a Spanish-speaking law clerk; (2) an inmate told him he could file a § 2255 petition at any time; and (3) he asked his attorney to file a notice of appeal, but his attorney did not do so. ROA Vol. 1, at 71-72. Galindo's first two arguments easily fail. We have previously held that lack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Yang v. Archuleta, 525 F.3d 925, 929-30 (10th Cir. 2008). Moreover, delays caused by fellow inmates providing legal assistance do not justify equitable tolling. Marsh, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [a motion] does not relieve [a plaintiff] from the personal responsibility of complying with the law.").

We are also unpersuaded by Galindo's remaining assertion—that equitable tolling applies because his attorney disregarded his instruction to file a direct appeal from the district court's sentencing. Even assuming that Galindo asked his attorney to file an appeal and that—as Galindo implicitly asserts—he believed his sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year after the statute had run. Although Galindo may have reasonably thought for a few months that his attorney had filed a notice of appeal, he did not "diligently pursue[] his claims", id., because he apparently took no action to inquire regarding the status of his

direct appeal and because he waited two full years to file his habeas petition. Accordingly, the district court did not err in declining to hold an evidentiary hearing or in concluding that Galindo's habeas petition was barred by the applicable statute of limitations.

III

The judgment of the district court is AFFIRMED.

Entered for the Court

Mary Beck Briscoe
Chief Judge