FILED
United States Court of Appeals
Tenth Circuit

March 28, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VECENTIE SONTIAGO MORALES, JR.,

    Petitioner - Appellant,

v.

JUSTIN JONES, Director,

    Respondent - Appellee.

Nos. 10-6115 & 10-6182
(D.C. Nos. 5:09-CV-01275-C and
5:08-CV-01282-C)
(W.D. Okla.)

**ORDER DENYING REQUEST FOR
CERTIFICATE OF APPEALABILITY,
GRANTING MOTION FOR LEAVE TO PROCEED
ON APPEAL *IN FORMA PAUPERIS*
AND DISMISSING APPEAL**

Before **BRISCOE**, Chief Circuit Judge, **TACHA**, and **O'BRIEN**, Circuit Judges.

Vecentie Sontiago Morales, Jr., an Oklahoma state prisoner proceeding pro se,[1]

seeks a certificate of appealability (COA) to appeal from the district court's denial of

each of two separate habeas corpus petitions. In Appeal No. 10-6182, he argues the

district court improperly dismissed as time-barred his claim that the state court lacked

jurisdiction to convict him for Obtaining Merchandise and Money by Means of False and

Bogus Check (the false check conviction) and the district court should have considered

---

[1] We construe pro se pleadings liberally. *See Ledbetter v. City of Topeka Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

his claim that counsel on appeal of the revocation of his resulting sentence was ineffective. Appeal No. 10-6115, relates to the execution of his sentence for a 2005 conviction for Uttering a Forged Instrument (the forged instrument conviction). He contends the State of Oklahoma violated his due process rights by running that sentence consecutive to instead of concurrent with other sentences. We deny both requests for COA.[2]

## I. STANDARD OF REVIEW

In order to obtain a COA, Morales "must demonstrate both that reasonable jurists would debate the correctness of the district court's procedural ruling and that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'" *See Lopez v. Trani*, 628 F.3d 1228, 1231 (10th Cir. 2010) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

## II. APPEAL NO. 10-6182 - FALSE CHECK CONVICTION

A. Background

Morales pled guilty in Oklahoma state court in 1999 to Obtaining Merchandise and Money by Means of a False and Bogus Check (after a previous felony conviction)[3] and was sentenced to 10 years in prison, with all but the first 18 months suspended. The suspension was "upon the condition that the defendant does not violate any City, State or

---

[2] Our jurisdiction to consider a request for a COA derives from 28 U.S.C. § 2253.

[3] Morales was convicted of violating Okla. Stat. Ann. tit. 21, § 1541.2. He was also separately convicted under the same statute for a different incident; the sentence imposed ran concurrent with the sentence at issue here. As the other conviction is not before us, we discuss it no further.

Federal laws." (R. (10-6182) at 115.) On April 21, 2005, the trial court found Morales had violated its conditional sentencing order by, *inter alia*, writing another bogus check on January 4, 2000. The court revoked his suspended sentence and ordered Morales to serve his full sentence with credit for time served from February 7, 2005.

Morales unsuccessfully appealed from the revocation order, arguing the court sentenced him to an excessive term of imprisonment without considering alternatives to incarceration. He also filed several unsuccessful state court motions for post-conviction relief. On February 13, 2008, he filed another pro se motion in state court attacking his conviction on nine grounds. The state court denied the petition, concluding Morales was procedurally barred from raising all but his claim of ineffective assistance of appellate counsel on appeal of the revocation, which it rejected on the merits. The Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Morales sought habeas relief under 28 U.S.C. § 2254 raising substantially the same issues he raised in state court. Relevant here, he claimed the Oklahoma criminal court lacked jurisdiction to convict and sentence him for a crime he alleges was committed in Texas and his attorney on appeal from the revocation of his suspended sentence was constitutionally ineffective.

The district court referred the petition to a magistrate judge as permitted by 28 U.S.C. § 636(b)(1)(B), for a report and recommendation (R&R). The magistrate recommended dismissal of the jurisdictional claim because it was time-barred and dismissal of his ineffective assistance of counsel claim because the OCCA's decision on the claim was neither contrary to nor an unreasonable application of *Strickland v.*

*Washington*, 466 U.S. 668 (1984). Morales objected to the R&R, arguing his claims were not time-barred. The district court concluded Morales had only properly objected to the dismissal of the jurisdictional claim. Determining that claim was untimely, it adopted the R&R and dismissed the petition. The court denied Morales' request for a COA.

B. Discussion

In his request for a COA with this Court, Morales presents only two claims: (1) his jurisdictional claim[4] is not time-barred and (2) his attorney on appeal from the revocation of his suspended sentence was ineffective for failing to raise issues related to his original sentence. Morales provided a detailed objection to the magistrate's R&R on the timeliness of his jurisdictional claim and his argument, while meritless, is sufficient to preserve the issue for appeal. He then stated: "The petitioner also objects to the [R&R] on grounds of error numbers one, three, four, five, six, seven, eight and nine as the petitioner has argued case law to prove that he is not time barred on these issues." (R. (10-6182) at 702-03.)

"[W]e . . . have adopted a firm waiver rule that provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions." *United States v. One Parcel of Real*

---

[4] The basis for Morales' claim appears to be the fact that he wrote an insufficient funds check drawn on an Oklahoma bank account to a Texas tool supplier. We are not convinced the claim is jurisdictional in nature. The Complaint and Information alleges the crime occurred in Oklahoma. Morales alleges it was committed in Texas. That is a question of fact. Because resolution of this appeal does not depend on whether he has raised a legitimate state court jurisdictional issue, we will address the claim as Morales has characterized it.

*Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quotations omitted). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *Id.* at 1060. We agree with the district court that the only claim properly objected to (and hence properly preserved for appeal) was the timeliness of the jurisdictional claim. Morales' general statement that his other claims were also not time-barred is insufficient to preserve them for appeal. Accordingly, only the timeliness of the jurisdictional claim is before us.

Morales does not attack the district court's time calculations under the statute[5] but argues subject matter jurisdiction can never be waived and therefore he can never be barred from raising the issue. This argument is without support in the law. In his state post-conviction proceedings, Morales claimed the trial court lacked jurisdiction over his crime and was denied relief. Insofar as the claim raises a violation of state law, it is not cognizable in a federal habeas action. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). Morales' claim is only cognizable in federal habeas to the extent that it raises a violation of the United States Constitution or federal law. *See* 28 U.S.C. § 2254(a). "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause." *Yellowbear v. Wyo. Attorney*

---

[5] In adopting the R&R, the district court concluded the jurisdictional claim was time barred under AEDPA's one-year limitations period. *See* 28 U.S.C. § 2244(d). The time limitation for filing a habeas action is subject to equitable tolling in extraordinary circumstances, *see Fleming v. Evans,* 481 F.3d 1249, 1254 (10th Cir. 2007), but Morales does not allege any such circumstances.

*Gen.*, 525 F.3d 921, 924 (10th Cir. 2008). Morales makes no argument to differentiate this case from any other due process violation. As with any other habeas claim, it is subject to dismissal for untimeliness. S*ee, e.g., United States v. Patrick*, 264 Fed. Appx. 693, 694-95 (10th Cir. 2008) (unpublished) (affirming district court's dismissal of untimely habeas petition challenging convicting court's jurisdiction);[6] *c.f.*, *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time barred under AEDPA).

### III. APPEAL NO. 10-6115 - FORGED INSTRUMENT CONVICTION

A. Background

While he was serving his reinstated sentence for the false check conviction, Morales was convicted by a jury of Uttering a Forged Instrument (after a previous felony conviction) and was sentenced to 27 years in prison.[7] The trial court did not specify whether his sentence should run concurrent with or consecutive to any other sentence. In fact, neither the Judgment and Sentence nor the sentencing transcript refers to any prior sentence. The Oklahoma Department of Corrections (ODOC) did not start the clock on Morales' new sentence immediately but deferred counting any time toward it until he finished serving the sentences for which he was incarcerated at the time of conviction.

---

[6] Unpublished opinions are not binding precedent. 10th Cir. R. App. P. 32.1(A). We mention *Patrick* merely as an example.

[7] Morales was charged in 2002 and convicted in 2005 under OKLA STAT tit. 21, § 1592 for acts he committed in 2001. He apparently altered a 60 cent money order to 760 dollars and then cashed it. He committed the crime while his sentence for the false check conviction was suspended but was not tried and convicted until he was serving the reinstated sentence.

Morales contends this was a violation of his constitutional rights.

After exhausting his remedies with the prison and state court, Morales filed a 28 U.S.C. § 2254 petition, arguing his sentence should have run from the date it was imposed, concurrent with the sentences he was in the process of serving. The petition was referred to a magistrate judge, who determined it to be an unauthorized second or successive petition. [8] He concluded transfer to this Court for such authorization was inappropriate because Morales' claim was meritless. Consequently, he recommended the petition be dismissed for lack of jurisdiction. *See* 28 U.S.C. § 2244(b)(3)(A). Morales objected, arguing his petition was not second or successive because he was attacking the administration of his sentence and not the sentence itself or, in the alternative, the case should be transferred to this Court for the appropriate authorization. The district court adopted the magistrate judge's recommendation, agreeing that Morales' petition was a second or successive petition and transfer to this Court was not warranted. *See* 28 U.S.C. § 1631. Morales filed a Notice of Appeal, which the district court construed as a request for a COA and denied.

---

[8] A petitioner must move this Court for permission to file a second or successive § 2254 petition in the district court and we may only authorize the filing of such a petition if we determine it makes a prima facie showing satisfying the requirements of the statute. *See* 28 U.S.C. § 2244(b)(3)(A) & (C). The statute requires the claim not have been presented in a prior application and limits the grounds on which a petitioner may request relief. *See* 28 U.S.C. § 2244(b)(1) & (2). "When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization from this court, the district court may transfer the matter to this court if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction." *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008).

B. Discussion

Although Morales invoked § 2254 in filing his petition, he now claims the district court should have considered it under 28 U.S.C. § 2241 because it attacks the execution of his sentence not the propriety of the sentence itself. Morales is correct. "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 habeas and § 2255 proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. U.S. Parole Com'n*, 115 F.3d 809, 811 (10th Cir. 1997) (citation omitted). Morales' argument must be carefully scrutinized. He does not contend the convicting court was without authority to impose consecutive sentences.[9] He argues the ODOC was without authority to defer the start date of his sentence while he served time for other convictions and was required to run his sentence from the date the trial judge imposed it. The district court should have treated his claim as brought under § 2241.[10] But that does not mean he is entitled to relief. We will not grant a COA or remand the case to the district court because we conclude Morales has not made a "substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). See *Montez*, 208 F.3d at 865-66 (denying a request for COA where the district court improperly considered the petition under § 2254 instead of § 2241 because the underlying

---

[9] Oklahoma courts have discretion to run sentences concurrently or consecutively. *Harris v. State*, 772 P.2d 1329, 1331 (Okla. Crim. App. 1989).

[10] Morales is currently incarcerated in the Lawton Correctional Facility, so a petition under 28 U.S.C. § 2241 would properly be filed, as this one was, in the Western District of Oklahoma. See *Montez*, 208 F.3d at 865 (§ 2241 petition is properly filed in the district in which the petitioner is confined); *Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (same). Moreover, because he is a state prisoner, he must obtain a COA to appeal from the denial of a § 2241 petition. *Montez*, 208 F.3d at 867.

claims were without merit).

Relief is available under 28 U.S.C. § 2241(c)(3) only if a petitioner shows "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." Morales alleges Oklahoma is violating his due process rights by running his sentences consecutively instead of concurrently.

Under Oklahoma law, unless an order directs two sentences to be run concurrently, they run consecutively. *Beck v. State*, 478 P.2d 1011, 1012 (Okla. Crim. App. 1970). The date upon which a sentence is imposed is of no matter. Okla. Stat. Ann. tit. 21, § 61.1 directs:

> When any person is convicted of two or more crimes in the same proceeding or court or in different proceedings or courts, and the judgment and sentence for each conviction arrives at a state penal institution on different dates, the sentence which is first received at the [penal] institution shall commence **and be followed by** those sentences which are subsequently received at the institution, in the order in which they are received by the institution, regardless of the order in which the judgments and sentences were rendered by the respective courts, **unless a judgment and sentence provides that it is to run concurrently with another judgment and sentence**.

(Emphasis added).

The trial court's sentencing order does not mention any sentence other than the one imposed and does not direct Morales' sentence to be run concurrent with any other sentence. Because Morales was already serving sentences at the time he was convicted, his sentence for the forged instrument conviction did not begin to run until his other sentences were completed. Oklahoma's approach is not uncommon; the federal

- 9 -

statutes,[11] as well as a number of states, employ the presumption that sentences run consecutively unless otherwise ordered. *See Oregon v. Ice*, 555 U.S. 160, 129 S. Ct. 711, 714 (2009) ("In some States, sentences for multiple offenses are presumed to run consecutively, but sentencing judges may order concurrent sentences . . . ."). Morales presents no authority suggesting this settled and widespread practice violates constitutional norms. His claim does not meet the requirements for habeas relief under 28 U.S.C. § 2241.

We **DENY** Morales' requests for a COA but **GRANT** his motions to proceed *in forma pauperis* in both appeals.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[11] Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."