**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 22, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

SHAWN MURRELL,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 19-5051
(D.C. No. 4:18-CV-00341-JHP-FHM)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **McHUGH**, and **MORITZ**, Circuit Judges.
_____

Oklahoma state prisoner Shawn Murrell sought relief under 28 U.S.C. § 2254.

The district court dismissed Murrell's petition, concluding it was time-barred under

28 U.S.C. § 2244(d)(1). Proceeding pro se, Murrell now seeks a certificate of

appealability (COA) so he can appeal the district court's order.[1] *See* 28 U.S.C.

§ 2253(c)(1)(A). For the reasons discussed below, we deny Murrell's COA request

and dismiss this matter.

_____

[*] This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

[1] We liberally construe Murrell's pro se filings. But we will not act as his advocate by, e.g., formulating possible arguments or combing the record for support. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## Background

In August 2014, Murrell pleaded guilty in Oklahoma state court to one count each of assault and battery with a dangerous weapon and using a vehicle to facilitate the discharge of a weapon. On October 13, 2014, the state trial court imposed a twenty-year prison sentence. Murrell did not immediately move to withdraw his plea or otherwise seek to appeal his conviction or sentence. But on May 21, 2015, he filed an application for postconviction relief in state district court, asserting that (1) he was entitled to an out-of-time direct appeal; (2) he received ineffective assistance of counsel (IAC) during his plea proceedings; and (3) the state trial court lacked subject-matter jurisdiction to accept his plea.

The state district court denied Murrell's first application for postconviction relief on September 26, 2016 and recommended denying Murrell's request for an out-of-time direct appeal on that same date. Again, Murrell did not appeal. Instead, on October 5, 2016, he asked the state district court to review or modify his sentence. *See* Okla. Stat. Ann. tit. 22, § 982a. The state district court denied Murrell's request on November 2, 2016.

Murrell then filed a second application for state postconviction relief on May 4, 2017, this time seeking leave to appeal out-of-time the state district court's September 26, 2016 order denying his first application for postconviction relief. The state district court recommended granting Murrell's request, and the Oklahoma Court of Criminal Appeals (OCCA) accepted that recommendation on July 28, 2017. The OCCA then reviewed the state district court's September 26, 2016 order denying

2

Murrell's first motion for postconviction relief, concluded that Murrell failed to demonstrate he was entitled to an out-of-time direct appeal, and affirmed the state district court's September 26, 2016 order on November 21, 2017.

After his efforts to obtain postconviction relief in state court proved unsuccessful, Murrell filed the underlying § 2254 petition in federal district court on June 29, 2018. He asserted that (1) he was "denied a direct appeal through no fault of [his] own due to the ineffectiveness of trial counsel"; (2) counsel was likewise ineffective during the plea proceedings; and (3) the state trial court lacked subject-matter jurisdiction to accept his guilty plea. R. vol. 1, 9. The state moved to dismiss Murrell's § 2254 petition, arguing it was time-barred. *See* § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

The district court agreed with the state. Specifically, the court ruled that (1) Murrell's convictions became final on October 23, 2014; (2) the one-year limitation period therefore began to run the next day, on October 24, 2014; (3) 209 days elapsed before Murrell filed his first application for state postconviction relief on May 21, 2015; (4) Murrell was entitled to statutory tolling for the period between May 21, 2015, and October 29, 2016—the day after the time for appealing the state district court's order denying his first application for state postconviction relief expired, *see* § 2244(d)(2) (providing that time during which certain motions are

3

pending does not count toward one-year period);[2] (5) as of October 29, 2016, Murrell had 156 days remaining—until April 3, 2017—in which to file a timely § 2254 petition;[3] and therefore (6) Murrell's June 28, 2018 petition was untimely.

The district court then addressed and rejected each of Murrell's four arguments for "excus[ing] the untimeliness of his petition." R. vol. 1, 141. First, the court ruled that § 2244(d)(1) contains no exception for "habeas claim[s] based on a trial court's alleged lack of subject[-]matter jurisdiction." *Id.* at 142 (quoting *Lockett v. Rudek*, No. CIV-11-184-R, 2011 WL 2634216, at *2 (W.D. Okla. June 14, 2011)). Second, the court ruled that § 2244(d)(1) does not violate the Suspension Clause of the United States Constitution. Third, it concluded that § 2244(d)(1) applied to Murrell's § 2254 petition because—although § 2244(d) is part of the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, and although Murrell was neither convicted of terrorism nor sentenced to death—the plain language of § 2244(d) states that it applies to "an application for a writ of habeas corpus [filed] by a person in custody pursuant to the judgment of a [s]tate court." § 2244(d)(1). Fourth, it ruled that Murrell was not entitled to equitable tolling because "he fail[ed] to describe any

---

[2] In reaching this conclusion, the federal district court assumed that Murrell's October 5, 2016 motion for judicial review of his sentence constituted a motion for "collateral review" but ruled that the motion nevertheless did not toll the one-year clock because it was not "properly filed." § 2244(d)(2) ("The time during which a properly filed application for . . . collateral review . . . is pending shall not be counted toward any period of limitation under this subsection.").

[3] Because Murrell did not file his second application for state postconviction relief until after the April 3, 2017 deadline had already expired, the district court ruled "this application also had no tolling effect." R. vol. 1, 141.

4

extraordinary circumstances that prevented him from filing a petition before his April 3, 2017 deadline." R. vol. 1, 143. Accordingly, the district court granted the state's motion to dismiss Murrell's petition as time-barred.

**Analysis**

Murrell now seeks a COA from this court so he can appeal the district court's order. *See* § 2253(c)(1)(A). We will grant his COA request only if he can make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make the requisite showing here, Murrell must demonstrate, among other things, that reasonable jurists could debate "whether the district court was correct" in ruling that Murrell's petition is time-barred. *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (setting forth standard that applies to COA request when district court denies petition on procedural grounds, "without reaching [petitioner's] underlying constitutional claim[s]").

In asserting he can satisfy this standard, Murrell advances four arguments. First, he insists that because a litigant can generally challenge a court's subject-matter jurisdiction at any time, § 2244(d)(1) does not apply to his claim that the trial court lacked jurisdiction to accept his plea. In support, he notes that "habeas corpus relief is available in a criminal prosecution if it be found that the trial court had no jurisdiction to try the petitioner." Aplt. Br. 4 (citing *Bowen v. Johnston*, 306 U.S. 19, 24 (1939)). We do not disagree. *See Yellowbear v. Wyo. Atty. Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) ("Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."). But

5

"[a]s with any other habeas claim," Murrell's due-process claim "is subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011) (unpublished). Further, the Supreme Court has expressly held that when a district court denies habeas relief on procedural grounds, we may "dispose of" the petitioner's subsequent COA request without considering the merits of his or her underlying constitutional claims. *Slack*, 529 U.S. at 485. Thus, we see no indication that the jurisdictional nature of Murrell's due-process claim should guide our COA inquiry here. Accordingly, we deny his request for a COA on this issue.

Second, Murrell argues the district court erred in relying on our nonbinding decision in *Long v. Miller*, 541 F. App'x 800, 802 (10th Cir. 2013) (unpublished), to reject his assertion that applying § 2244(d)(1) violates the Suspension Clause. More specifically, he distinguishes between *first and original* habeas petitions such as his and *second or successive* habeas petitions. And he insists that although the latter "may be time-barred under [AEDPA]," the former may not.

Although we have recognized that "[t]here may be circumstances where the limitation period at least raises serious constitutional questions and possibly renders the habeas remedy inadequate and ineffective," we have declined to adopt the bright-line rule Murrell advocates for here. *Miller v. Marr*, 141 F.3d 976, 977–78 (10th Cir. 1998) (rejecting petitioner's argument that "one-year limitation on filing a *first* habeas petition violated the Suspension Clause" because petitioner failed to "demonstrate inadequacy and ineffectiveness" of habeas remedy under circumstances of particular case (emphasis added)). And because Murrell makes no effort to show

6

how the district court "render[ed] the habeas remedy inadequate and ineffective" by applying § 2244(d)(1) to the particular "circumstances" of his case, he fails to show reasonable jurists could debate the district court's ruling rejecting his Suspension Clause argument. *Id.* at 978.

Third, Murrell asserts that because he is not a terrorist and has not been sentenced to death, AEDPA's one-year time limit does not apply to his petition. But as the district court pointed out, this argument overlooks the plain language of § 2244(d), which applies to "an application for a writ of habeas corpus [filed] by a person in custody pursuant to the judgment of a [s]tate court." § 2244(d)(1). Accordingly, we decline to grant a COA on this issue.

Fourth, Murrell argues he is entitled to equitable tolling because he diligently pursued his claims and "extraordinary circumstances . . . prevented him from filing." Aplt. Br. 9. But the only allegedly extraordinary circumstance he identifies is his lack of access to legal assistance in the form of a "trained or experienced law clerk[]," an "inmate 'legal assistant,'" or an attorney. *Id.* And "neither a plaintiff's unfamiliarity with the legal process nor . . . lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999); *see also, e.g.*, *United States v. Galindo*, 406 F. App'x 322, 324 (10th Cir. 2011) (unpublished) (rejecting petitioner's argument that lack of access to "Spanish-speaking law clerk" entitled him to equitable tolling). Thus, we deny Murrell's request for a COA on this issue.

## Conclusion

Because Murrell fails to demonstrate reasonable jurists could debate the correctness of the district court's procedural ruling, we deny his COA request and dismiss this matter.

Entered for the Court


Nancy L. Moritz
Circuit Judge