**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**June 15, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

RICHARD HILL,

    Petitioner - Appellant,

v.

SCOTT NUNN,

    Respondent - Appellee.

No. 22-6042
(D.C. No. 5:21-CV-01208-SLP)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **MURPHY**, and **EID**, Circuit Judges.
_____

Petitioner Richard Hill, proceeding pro se,[1] seeks a certificate of appealability

("COA") to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas

petition. The district court denied his petition as time-barred. So for Hill to obtain a COA,

he must show that "jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000). Because the district court's procedural ruling is not

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Hill is proceeding pro se, "we liberally construe his filings, but we will not act as his advocate." *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

reasonably debatable, exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253, we deny a COA and dismiss the matter.

A state prisoner must file a § 2254 petition within one year of the state court's judgment becoming final. *See* 28 U.S.C. § 2244(d)(1).

Hill's latest convictions became final on June 12, 1991—when the 90-day period for seeking review in the United States Supreme Court expired. *See Locke v. Saffle*, 237 F.3d 1269, 1271–72 (10th Cir. 2001). Had the Antiterrorism and Effective Death Penalty Act ("AEDPA") been in effect then, Hill would have had one year from that date to file his habeas petition. But because his convictions became final before Congress enacted AEDPA, the one-year limitation period started on AEDPA's effective date: April 24, 1996. *See Fisher v. Gibson*, 262 F.3d 1135, 1143 (10th Cir. 2001). Thus, absent tolling, Hill's deadline for filing his habeas petition was April 24, 1997. Hill did not file his petition until December 30, 2021.

On appeal, Hill seems to argue that he is entitled to statutory tolling under 28 U.S.C. § 2244(d)(1)(C) until the date of the Supreme Court's decision in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) (holding that the territory in Oklahoma reserved for the Creek Nation since the 19th century remains "Indian country" for purposes of exclusive federal jurisdiction over "certain enumerated offenses" committed "within the Indian country" by an "Indian") (internal quotations omitted). He also contends that, as

applied here, AEDPA is unconstitutional because the state court lacked jurisdiction when he was prosecuted.[2]

Hill's first argument is unpersuasive. As both the magistrate judge and district court correctly explained, *McGirt* did not recognize a new constitutional right. *See In re White*, No. 21-7062 (10th Cir. Dec. 13, 2021). Hill thus cannot rely on the date of *McGirt*'s publication as the triggering date for the limitations period.

Hill's second argument is also meritless. This is because, as the district court noted, "[a]s with any other habeas claim," a claim predicated on a convicting-court's lack of subject matter jurisdiction "is subject to dismissal for untimeliness." *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011).

We therefore conclude that reasonable jurists couldn't debate the district court's dismissal of Hill's habeas petition as time-barred. Thus, we deny his request for a COA and dismiss the appeal.[3]

Entered for the Court


Gregory A. Phillips
Circuit Judge

---

[2] Hill further argues that he is entitled to equitable tolling. But he did not make this argument before the magistrate judge or district court. And we will not consider it for the first time on appeal. *See United States v. Viera*, 674 F.3d 1214, 1220 (10th Cir. 2012).

[3] Though Hill has paid the vast majority of his filing fee, we still grant his motion to proceed in forma pauperis.