**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

WALTER E. LAMARR,

Petitioner - Appellant,

v.

SCOTT NUNN,

Respondent - Appellee.

No. 22-6063
(D.C. No. 5:22-CV-00129-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **BALDOCK**, and **McHUGH**, Circuit Judges.
_____

Walter E. Lamarr, an Oklahoma prisoner represented by counsel, seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his 28

U.S.C. § 2254 petition. The district court dismissed his petition as untimely. Because the

district court's procedural ruling is not debatable, we deny a COA and dismiss this

matter.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

## I.    BACKGROUND

In 1995, Mr. Lamarr pleaded guilty in Oklahoma state court to trafficking in illegal drugs and was sentenced to thirty-five years' imprisonment.[1] In 2016, Mr. Lamarr filed a pro se application for post-conviction relief in state court, which was denied. In 2018, he filed a second application for post-conviction relief in state court arguing the state trial court lacked jurisdiction to convict him. Specifically, Mr. Lamarr argued "because he is a member of the Wichita and Affiliated Tribes, he committed the crimes for which he was convicted in 'Indian Country,' and the crimes for which he was convicted are covered by the Indian Assimilative Crimes Act, 18 U.S.C. § 1152," the state trial court lacked jurisdiction to convict him. App. at 19. The state trial court denied this second application and the Oklahoma Court of Criminal Appeals affirmed.

In February 2022, Mr. Lamarr, represented by counsel, filed a 28 U.S.C. § 2254 petition in the United States District Court for the Western District of Oklahoma, arguing the convicting court lacked subject matter jurisdiction, based on *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020). The assigned magistrate judge recommended his petition be dismissed as untimely because it was not filed within one year of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") effective date. *See Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) ("Where a conviction became final before AEDPA took effect, . . . the one year limitation period for a federal habeas petition starts on AEDPA's

---

[1] Mr. Lamarr does not dispute the district court's or magistrate judge's account of the state court proceedings, and we therefore rely on those descriptions here.

effective date, April 24, 1996."). Mr. Lamarr objected to the recommendation, arguing "his conviction could never become final for the [purposes of] AEDPA" because the convicting court lacked jurisdiction. App. at 9. The district court overruled Mr. Lamarr's objection, adopted the magistrate judge's recommendation, and dismissed Mr. Lamarr's § 2254 petition as untimely. The district court explained that Mr. Lamarr's "argument that a challenge to the state district court's jurisdiction on habeas review is not subject to the limitations period . . . lacks merit," and his petition "is, therefore, untimely and barred by the statute of limitations." *Id.* at 5–6. The district court also denied a COA. Mr. Lamarr now seeks a COA in this court.

## II.    DISCUSSION

Mr. Lamarr must "seek a COA to obtain appellate review of the dismissal of his habeas petition." *Slack v. McDaniel*, 529 U.S. 473, 482 (10th Cir. 2000). Because the district court denied his petition on procedural grounds without reaching the merits, Mr. Lamarr must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," to obtain a COA. *Id.* at 484. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be

allowed to proceed further." *Id.* Because the district court was correct to dismiss

Mr. Lamarr's petition as untimely, "no appeal [is] warranted." *Id.*

AEDPA establishes a one-year statute of limitations period during which a person

in state custody may file a habeas petition. 28 U.S.C. § 2244(d); *see also Rhine v. Boone*,

182 F.3d 1153, 1154 (10th Cir. 1999). Mr. Lamarr acknowledges that the one-year

limitations period began on "the date on which the judgment became final by the

conclusion of direct review or the expiration of the time for seeking such review." 28

U.S.C. § 2244(d)(1)(A). Because his conviction became final before Congress enacted

AEDPA, the one-year limitations period started on AEDPA's effective date: April 24,

1996. *See Fisher*, 262 F.3d at 1143. Over twenty-five years passed between AEDPA's

effective date and when Mr. Lamarr filed his habeas petition in federal district court.

Mr. Lamarr's sole argument is that because the state trial court lacked jurisdiction

to convict him under *McGirt*, his conviction was never "final" and therefore, AEDPA's

time limitations period does not apply and cannot bar his habeas petition. This argument

is meritless. We need not address whether the state trial court actually lacked jurisdiction

to convict Mr. Lamarr because a habeas claim predicated on a convicting court's lack of

subject matter jurisdiction "is subject to dismissal for untimeliness." *Morales v. Jones*,

417 F. App'x 746, 749 (10th Cir. 2011) (unpublished); *see also Murrell v. Crow*, 793 F.

App'x 675, 679 (10th Cir. 2019) (unpublished) (dismissing for untimeliness state

prisoner's habeas claim that the state court lacked jurisdiction to prosecute him); *United

States v. Patrick*, 264 F. App'x 693, 694–95 (10th Cir. 2008) (unpublished) (affirming the

district court's dismissal of an untimely habeas petition challenging the convicting

court's jurisdiction). This court has clearly explained that challenges to the convicting court's jurisdiction are considered due process challenges, subject to AEDPA's limitations period. *See Yellowbear v. Wyo. Attorney Gen.*, 525 F.3d 921, 924 (10th Cir. 2008) (explaining "[a]bsence of jurisdiction in the convicting court is. . .a basis for federal habeas corpus relief cognizable under the due process clause"); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000) (affirming dismissal of due process habeas claim as time barred under AEDPA). AEDPA's limitations period therefore applies to Mr. Lamarr's petition, and the district court was correct to dismiss it as time barred.[2] Reasonable jurists therefore "could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

### III.  CONCLUSION

For these reasons, we DENY a COA and DISMISS this matter.

Entered for the Court

Carolyn B. McHugh
Circuit Judge

---

[2] While Mr. Lamarr does not argue AEDPA's limitations period should be tolled, it is worth noting that his state court applications for post-conviction relief did not toll the limitations period because he filed both of them after the one-year limitations period had expired. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."). Nor did *McGirt* establish a new constitutional right that would trigger a new date for the limitations period. *See Hill v. Nunn*, No. 22-6042, 2022 WL 2154997 at *1 (10th Cir. June 15, 2022) (unpublished).