FILED
United States Court of Appeals
Tenth Circuit

March 30, 2023

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JIMMY CALDWELL,

    Petitioner - Appellant,

v.

JANET DOWLING, Warden,

    Respondent - Appellee.

No. 22-6185
(D.C. No. 5:22-CV-00340-JD)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BACHARACH**, **KELLY**, and **MORITZ**, Circuit Judges.
_____

Jimmy Caldwell, a state prisoner proceeding pro se,[1] seeks a certificate of

appealability (COA) to challenge the district court's order denying his habeas petition as

untimely. For the reasons explained below, we deny his COA request and dismiss this

matter.

In 2004, Caldwell pleaded guilty to one count of child sexual abuse in Oklahoma

state court. The state court imposed a 50-year sentence, and Caldwell did not appeal. In

2020, Caldwell sought postconviction relief in state court, contending that the state court

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But it may be cited for its persuasive value. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

[1] Although we liberally construe Caldwell's pro se filings, we do not act as his advocate or create arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

lacked jurisdiction over him under *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and the Major Crimes Act (MCA), 18 U.S.C. § 1153(a). The state trial court denied relief, and the Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Caldwell then filed this habeas petition under 28 U.S.C. § 2254, advancing the same lack-of-jurisdiction argument. The magistrate judge assigned to Caldwell's case recommended dismissing the petition as untimely. Although Caldwell did not file formal objections to this recommendation, he twice filed notices of appeal and COA motions with this court. After Caldwell voluntarily dismissed his first attempted appeal and we sua sponte dismissed the second (given the absence of a final judgment from the district court), the district court liberally construed Caldwell's attempted appellate filings as objections. The district court then overruled those objections, adopted the magistrate judge's report and recommendation with minor modifications, and held that Caldwell's petition was untimely. It therefore dismissed the petition with prejudice and declined to issue a COA.

Caldwell now requests a COA from this court, seeking to challenge the dismissal of his habeas petition.[2] *See* 28 U.S.C. § 2253(c)(1)(A). We will grant a COA if Caldwell can "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v.*

---

[2] We construe Caldwell's combined opening brief and COA application as a notice of appeal. *See Smith v. Barry*, 502 U.S. 244, 248–49 (1992) (holding that brief filed in appellate court was effective as notice of appeal); *Martin v. Rios*, 472 F.3d 1206, 1207 (10th Cir. 2007) (treating COA application as notice of appeal).

*McDaniel*, 529 U.S. 473, 484 (2000). If we conclude that reasonable jurists would not debate the district court's procedural ruling, we need not address the constitutional question. *Id.* at 485.

We begin with the procedural timeliness ruling. There is a one-year deadline for filing a federal habeas petition. *See* 28 U.S.C. § 2244(d)(1). Typically, this one-year period begins to run when the state-court judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." § 2244(d)(1)(A). But this start date can be delayed if (1) state action created an unlawful impediment to filing the petition, (2) the petitioner asserts a constitutional right newly recognized by the Supreme Court that applies retroactively to cases on collateral review, or (3) the factual predicate for the claim could not previously have been discovered through due diligence. § 2244(d)(1)(B)–(D).

Here, the district court concluded that Caldwell's deadline began running when his conviction became final in September 2004 and expired one year later, in September 2005. *See* § 2244(d)(1)(A). In so ruling, the district court rejected Caldwell's argument that, based on *McGirt*, § 2244(d)(1)(C) or (D) delayed the starting date for the one-year deadline. It also rejected Caldwell's argument that the one-year deadline does not apply to him because his conviction, entered by a court lacking jurisdiction, never became final. And it noted that Caldwell did not argue for and was not entitled to any kind of tolling or equitable exception.

Before this court, Caldwell reasserts that *McGirt* established a new and retroactive rule of constitutional law under § 2244(d)(1)(C), making his petition timely. But we

3

recently held otherwise, rejecting a § 2244(d)(1)(C) argument because "*McGirt* announced no new constitutional right." *Pacheco v. El Habti*, 48 F.4th 1179, 1191 (10th Cir. 2022). There is accordingly no room for debate about whether *McGirt* triggers a later starting date for habeas petitions under § 2244(d)(1)(C), and we decline to issue a COA on this basis.

The remainder of Caldwell's brief merely reiterates his position that the state court lacked jurisdiction over him because he is an Indian who committed an MCA crime in Indian country. But this assertion does not help Caldwell escape the untimeliness of his habeas petition: "[A] habeas claim predicated on a convicting court's lack of subject[-]matter jurisdiction 'is subject to dismissal for untimeliness.'" *Lamarr v. Nunn*, No. 22-6063, 2022 WL 2678602, at *2 (10th Cir. July 12, 2022) (unpublished) (quoting *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011)).[3] And reasonable jurists could not debate the district court's procedural ruling that Caldwell's petition was untimely. *See Slack*, 529 U.S. at 484. We therefore deny his COA request and dismiss this appeal.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[3] We cite *Lamarr* for its persuasive value. *See* 10th Cir. R. 32.1(A).

4